**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christen Beckner, | No. CV-22-00430-TUC-JCH (P) |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections Rehabilitation and Reentry, et al., | |
| Defendants. | |

On September 19, 2022, Plaintiff Christen Beckner, who is confined in the Arizona State Prison Complex-Douglas, filed a pro se civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. On November 28, 2022, the Court granted Plaintiff leave to file a first amended complaint within 30 days of its Order. Doc. 10. In the same Order, the Court granted Plaintiff's Application to Proceed in Forma Pauperis. *Id.* The Court provided Plaintiff with a form for filing an amended complaint. *Id.* at 6–15. The Court warned Plaintiff that his action could be dismissed without further notice if he failed to timely comply with every provision of the Order. *Id.* at 4. The Court ordered the Clerk of the Court to enter a judgment of dismissal without prejudice if Plaintiff failed to file an amended complaint within 30 days. *Id.* at 5. Fifty-one days later, on January 18, 2023, Plaintiff filed a first amended complaint. Doc. 12. On January 26, 2023, the Clerk of the Court dismissed Plaintiff's action without prejudice for failure to comply with the Court's November 28 Order. Doc. 13.

On March 6, 2023, Plaintiff filed a Motion for Reconsideration. Doc. 14. The Court

1    denied Plaintiff's Motion under Rule 59(e) and 60(b)(1) because Plaintiff did not provide any reasons for failing to comply with the Court's deadline for amending Plaintiff's complaint. Doc. 15 at 2. The Court noted that because Plaintiff's case was dismissed without prejudice, he is free to file a new case. *Id.* at 3.

On March 31, Plaintiff filed notice of his appeal of the Court's denial of his Motion for Reconsideration (Doc. 15), the Clerk's Judgment dismissing his case (Doc. 13), and the Court's November 28 Order dismissing his case without prejudice and with leave to amend his complaint within 30 days of the Court's Order (Doc. 10). A litigant previously permitted to proceed IFP may maintain IFP status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP. *See* Fed. R. App. P. 24(a)(3)(A). On April 7, the Ninth Circuit referred this matter back to the district court to determine whether in forma pauperis status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith. Doc. 18 (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).

Plaintiff's appeal is frivolous because the result is obvious. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). Plaintiff's case was dismissed without prejudice for failing to comply with a Court Order. He was specifically advised that a failure to timely comply with the Court's Order could result in dismissal. Plaintiff did not seek leave for an extension and Plaintiff's motion for reconsideration failed to provide any reasons for not complying with the Court's deadline. Plaintiff remains free to file a new case. The Court's rulings are therefore not reasonably debatable, and Plaintiff's appeal is frivolous.

Accordingly,

**IT IS ORDERED REVOKING** Plaintiff's in forma pauperis status.

///
///
///
///
///

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to notify Plaintiff and the Ninth Circuit Court of Appeals of this order under Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Ninth Circuit Court of Appeals within thirty (30) days after service of the notice of this Order as prescribed under Fed. R. App. P. 24(a)(5).

Dated this 17th day of April, 2023.

_____
Honorable John C. Hinderaker
United States District Judge